# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALMA LASERS LTD. and<br>ALMA LASERS, INC.<br><br>      Plaintiff,<br><br>      v.<br><br>PALOMAR MEDICAL<br>TECHNOLOGIES, INC.<br><br>      Defendant. | C.A. No. 08-574-JJF<br><br>JURY DEMANDED |
| PALOMAR MEDICAL<br>TECHNOLOGIES, INC. and THE GENERAL<br>HOSPITAL CORPORATION<br><br>      Counterclaimants,<br><br>      v.<br><br>ALMA LASERS LTD. and<br>ALMA LASERS, INC.<br><br>      Counterdefendant. | |

## FIRST AMENDED ANSWER AND COUNTERCLAIM

Pursuant to Rules 8, 12, and 13 of the Federal Rules of Civil Procedure and the Local Rules of this Court, Palomar Medical Technologies, Inc. ("Palomar") answers the allegations of Alma Lasers Ltd.'s and Alma Lasers, Inc.'s (collectively, "Alma") Complaint for Declaratory Judgment ("Complaint"). Palomar and The General Hospital Corporation ("MGH") also assert a counterclaim, as follows.

## PARTIES

1. Upon information and belief, Palomar admits the allegations in Paragraph 1 of the Complaint.

2. Upon information and belief, Palomar admits the allegations in Paragraph 2 of the Complaint.

3. Palomar admits the allegations in Paragraph 3 of the Complaint.

## THE NATURE OF THE ACTION

4. Palomar admits that U.S. Patent No. 6,997,923 (the "'923 patent") is owned by Palomar and MGH, and admits that the '923 patent is exclusively licensed to Palomar. Palomar further admits that an uncertified copy of the '923 patent is attached as Exhibit A to Alma's complaint. Palomar further admits that Alma has filed an action for Declaratory Judgment of non-infringement and/or invalidity of the '923 patent. Palomar denies the remaining allegations in Paragraph 4.

## JURISDICTION AND VENUE

5. Palomar admits that Alma has alleged a declaratory judgment of noninfringement and invalidity of the '923 patent. No answer is required to the remaining allegations contained in Paragraph 5, which merely state conclusions of law. To the extent a response is required, the allegations of Paragraph 5 are denied.

6. Palomar admits that it is a corporation organized and existing under the laws of Delaware. No answer is required to the remaining allegations contained in Paragraph 6, which

merely states conclusions of law. To the extent a response is required, the allegations of Paragraph 6 are denied.

### PALOMAR'S THREATS

7. Palomar admits the allegations contained in Paragraph 7.

8. Palomar admits the allegations contained in Paragraph 8.

9. Palomar admits that, beginning in March 2008, Palomar and Alma began discussions regarding Alma's need for a license to the '923 patent in connection with certain Alma skin treatment products. Palomar further admits that during such discussions, Palomar and Alma discussed certain specific licensing terms for the '923 patent, including the royalty rate to be paid to Palomar. Palomar further admits that certain Alma skin treatment products infringe the '923 patent. Palomar denies the remaining allegations contained in Paragraph 9.

10. Palomar admits the allegations contained in Paragraph 10.

11. Palomar is without sufficient information to admit or deny the allegations contained in Paragraph 11 and therefore denies the same.

12. Palomar denies the allegations contained in Paragraph 12.

### COUNT I

### Declaratory Judgment of Non-Infringement and Invalidity of United States Patent No. 6,997,923

13. Palomar incorporates its responses to Paragraphs 1-12 of the Complaint as fully set forth herein.

14. Palomar admits the allegations contained in Paragraph 14.

15. Palomar admits the allegations contained in Paragraph 15.

16. Palomar denies the allegations contained in Paragraph 16.

17. Palomar denies the allegations contained in Paragraph 17.

18. Palomar admits the allegations contained in Paragraph 18.

## PRAYER FOR RELIEF

19. Palomar denies that Alma is entitled to any relief under its Complaint

## COUNTERCLAIM

Palomar and MGH (collectively, "counterclaim-plaintiffs") for their counterclaim against Alma Lasers Ltd. and Alma Lasers, Inc. (collectively, "Alma") allege as follows:

## PARTIES

1. Counterclaim-plaintiff Palomar Medical Technologies, Inc. ("Palomar") is a Delaware corporation with a principal place of business at 82 Cambridge Street, Burlington, Massachusetts 01803.

2. Counterclaim-plaintiff The General Hospital Corporation is a Massachusetts not-for-profit corporation doing business as the Massachusetts General Hospital ("MGH") with a principal place of business at 55 Fruit Street, Boston, Massachusetts 02114.

3. Upon information and belief, counterclaim-defendant Alma Lasers Ltd. is a corporation organized and existing under the laws of the country of Israel and having its principal place of business at 14 Halamish, Caesarea Industrial Park, Caesarea, Israel 38900.

4. Upon information and belief, counterclaim-defendant Alma Lasers, Inc. is a corporation organized and existing under the laws of the State of Delaware and having its principal place of business at 485 Half Day Road, Suite 100, Buffalo Grove, Illinois.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over counterclaim-plaintiffs' claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this District under 28 U.S.C. §§ 1400(b). Alma has transacted business and committed acts of infringement in this District, and this action arises from the transaction of that business and infringement.

## FIRST CLAIM FOR RELIEF
(Patent Infringement)

7. Palomar is the exclusive licensee of U.S. Patent No. 6,997,923 (the "'923 patent"), which is entitled "Method and Apparatus for EMR Treatment," and is owned by Palomar and MGH. An uncertified copy of the '923 patent was attached as Exhibit A to Alma's complaint. The '923 patent was duly and legally issued on February 14, 2006.

8. Under 35 U.S.C. ¶ 271(a) and (b), Alma has and continues to infringe and induce infringement of the '923 patent, including without limitation, by making, using, selling and offering for sale products using light-based technology for skin treatment, including but not limited to the Alma Pixel $CO^2$ Omnifit Fractional $CO^2$ Handpiece and the Alma Pixel $CO^2$ Fractional $CO^2$ Skin Resurfacing System.

9. Upon information and belief, Alma's infringement has been and continues to be willful and deliberate.

10. As a result of Alma's infringement, counterclaim-plaintiffs will suffer severe and irreparable harm, unless that infringement is enjoined by this Court, and have suffered substantial damages.

WHEREFORE, counterclaim-plaintiffs request that the Court:

a. Adjudge that Palomar and MGH are the owners and Palomar is the exclusive licensee of the '923 patent with right to recovery thereunder, and that the '923 patent is good and valid in law and enforceable;

b. Adjudge that Alma has and continues to infringe and induce infringement of the '923 patent, and that such infringement has been willful and deliberate;

c. Preliminarily and permanently enjoin Alma, its officers, directors, employees, agents, licensees, successors, and assigns, and all persons in concert with them, from further infringement of the '923 patent;

d. Award Palomar and MGH compensatory damages;

e. Treble the damages assessed;

f. Award Palomar and MGH their costs and reasonable attorneys' fees;

g. Dismiss Alma's Complaint with prejudice; and

h. Award Palomar and MGH such other relief as the Court deems just and proper.

OF COUNSEL:

Wayne L. Stoner
Vinita Ferrera
Kate Saxton
Wilmer Cutler Pickering Hale & Dorr LLP
60 State Street
Boston, MA 02109
(617) 526-6000

Dated: November 20, 2009

/s/ Sarah R. Stafford
Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Sarah R. Stafford (#5234)
stafford@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
P.O Box 551
Wilmington, Delaware 19801
(302) 651-7700

*Attorneys for Defendant and Counter-Claimant Palomar Medical Technologies, Inc.*