IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALMA LASERS LTD. and<br>ALMA LASERS, INC.<br><br>       Plaintiff,<br><br>       v.<br><br>PALOMAR MEDICAL<br>TECHNOLOGIES, INC. and THE GENERAL<br>HOSPITAL CORPORATION<br><br>       Defendant. | C.A. No. 08-574-JJF<br><br>**JURY TRIAL DEMANDED** |
| PALOMAR MEDICAL<br>TECHNOLOGIES, INC. and THE GENERAL<br>HOSPITAL CORPORATION<br><br>       Counterclaimants,<br><br>       v.<br><br>ALMA LASERS LTD. and<br>ALMA LASERS, INC.<br><br>       Counterdefendant. | |

## ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

Pursuant to Rules 8, 12, and 13 of the Federal Rules of Civil Procedure and the Local Rules of this Court, Defendants Palomar Medical Technologies, Inc. ("Palomar") and the General Hospital Corporation ("MGH") (collectively, "Defendants") answer the allegations of Alma Lasers Ltd. and Alma Lasers, Inc.'s (collectively, "Alma") First Amended Complaint for Declaratory Judgment ("Complaint") and assert a counterclaim, as follows.

RLF1 3525680v.1

## PARTIES

1.      Defendants admit the allegations in Paragraph 1 of the Complaint.

2.       Defendants admit the allegations in Paragraph 2 of the Complaint.

3.      Defendants admit the allegations in Paragraph 3 of the Complaint.

4.      Defendants admit the allegations in Paragraph 4 of the Complaint.

## THE NATURE OF THE ACTION

5.      Defendants admit that U.S. Patent No. 6,997,923 (the "'923 patent") is owned by
Palomar and MGH, and admit that the '923 patent is exclusively licensed to Palomar.
Defendants further admit that an uncertified copy of the '923 patent is attached as Exhibit A to
Alma's First Amended Complaint.  Defendants further admit that Alma has filed an action for
Declaratory Judgment of non-infringement and/or invalidity of the '923 patent.  Defendants deny
the remaining allegations in Paragraph 5.

## JURISDICTION AND VENUE

6.      Defendants admit that Alma has alleged that it is entitled to a declaratory
judgment of noninfringement and invalidity of the '923 patent.  No answer is required to the
remaining allegations of Paragraph 6, which merely state conclusions of law.  To the extent a
response is required, the allegations of Paragraph 6 are denied.

7.      Defendants admit that Palomar is a corporation organized and existing under the
laws of Delaware.  No answer is required to the remaining allegations of Paragraph 7, which
merely state conclusions of law.  To the extent a response is required, the allegations of
Paragraph 7 are denied.

## PALOMAR'S THREATS

8.      Defendants admit the allegations contained in Paragraph 8.

RLF1 3525680v.1

9.      Defendants admit the allegations contained in Paragraph 9.

10.     Defendants admit that, beginning in March 2008, Palomar and Alma began discussions regarding Alma's need for a license to the '923 patent in connection with certain Alma skin treatment products.  Defendants further admit that during such discussions, Palomar and Alma discussed certain specific licensing terms for the '923 patent, including the royalty rate to be paid to Palomar.  Defendants further admit that certain Alma skin treatment products infringe the '923 patent.  Defendants deny the remaining allegations contained in Paragraph 10.

11.     Defendants admit the allegations contained in Paragraph 11.

12.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 12 and therefore deny the same.

13.     Defendants deny the allegations contained in Paragraph 13.

14.     Defendants deny that their First Amended Counterclaim was filed on November 20, 2009 as alleged in Paragraph 14 of Alma's First Amended Complaint.  Defendants state that their First Amended Counterclaim was filed on November 24, 2009.  Defendants admit that their First Amended Counterclaim alleges that Alma infringes and induces the infringement of the '923 patent by making, using, selling and/or offering for sale products using light-based technology for skin treatment.  To the extent a further response is required to the allegations contained in Paragraph 14, Defendants deny the same.

## COUNT I

### Declaratory Judgment of Non-Infringement
### and Invalidity of United States Patent No. 6,997,923

15.     Defendants incorporate their responses to Paragraphs 1-14 of the Complaint as fully set forth herein.

16.     Defendants admit the allegations contained in Paragraph 16.

RLF1 3525680v.1

17.     Defendants admit that Palomar is the exclusive licensee of the '923 patent.

18.     Defendants deny the allegations contained in Paragraph 18.

19.     Defendants deny the allegations contained in Paragraph 19.

20.     Defendants state that the existence of an "actual and justiciable controversy" is a conclusion of law to which no response is required.  To the extent a response is required, Defendants admit that there is a controversy between Alma on the one hand and Palomar and MGH on the other hand regarding the infringement and validity of the '923 patent.  Defendants deny that Alma is entitled to a declaratory judgment in its favor.

**COUNT II**

**Unenforceability Due to Inequitable Conduct**

21.     Defendants deny the allegations contained Paragraph 21.

22.     Defendants admit that the application that issued as the '923 patent was filed in the United States Patent and Trademark Office on December 27, 2001, as application Serial No. 10/033,302 (the "'302 application").  Defendants further admit that the '302 application claims priority to provisional application Serial No. 60/258,855, which was filed on December 28, 2000. The last sentence of paragraph 22 merely states conclusions of law to which no response is required.  To the extent a response is required to the remaining allegations contained in Paragraph 22, Defendants admit that the persons substantively involved in the prosecution of the '923 patent had a duty of candor and good faith in their dealings with the PTO and deny that any such person breached these duties.

23.     Defendants state that the '923 patent speaks for itself.   To the extent any further response is required, Defendants admit the allegations contained in the first sentence of Paragraph 23.  Defendants further admit that psoriasis is listed among the many conditions that

- 4 -

the '923 specification discloses may be treated by radiation.  To the extent a further response is required to the remaining allegations contained in Paragraph 23, Defendants deny the same.

24.     Defendants admit the first three sentences of paragraph 24.  Defendants are without sufficient information to admit or deny the remaining allegations contained in Paragraph 24 and therefore deny the same.  Defendants further state that the last two sentences of Paragraph 24 are merely conclusions of law, to which no response is required.

25.     Defendants deny that U.S. Patent No. 6,436,127 (the "'127 patent") and/or International Application No. WO 99/17668 (the "'668 publication") were material to the patentability of the claims of the '923 patent.  Defendants are without sufficient information to admit or deny the remaining allegations contained in Paragraph 25 and therefore deny the same.

26.     Defendants state that the '668 publication speaks for itself.  To the extent further response is required to the remaining allegations contained in Paragraph 26, Defendants deny the same.

27.     Defendants deny the allegations contained in Paragraph 27.

28.     Defendants admit that, during the prosecution of the application that led to the '923 patent, in a Response to Office Action dated February 23, 2004, the prosecuting attorney discussed U.S. Patent 5,968,033 to Fuller and further state that the prosecution history for the application that led to the '923 patent speaks for itself.  Defendants deny the remaining allegations contained in Paragraph 28.

29.     Defendants admit that, during the prosecution of the application that led to the '923 patent, in a Response to Office Action dated February 23, 2004, the prosecuting attorney discussed U.S. Patent 6,059,820 to Baranov and further state that the prosecution history for the

application that led to the '923 patent speaks for itself. Defendants deny the remaining allegations contained in Paragraph 29.

30.     Defendants admit that, during the prosecution of the application that led to the '923 patent, in a Response to Office Action dated January 6, 2005, the prosecuting attorney discussed U.S. Patent 6,050,990 to Tankovich and further state that the prosecution history for the application that led to the '923 patent speaks for itself. Defendants deny the remaining allegations contained in Paragraph 30.

31.     Defendants admit that, during the prosecution of the application that led to the '923 patent, in a Response to Office Action dated January 6, 2005, the prosecuting attorney discussed U.S. Patent 5,885,211 to Eppstein and further state that the prosecution history for the application that led to the '923 patent speaks for itself. Defendants deny the remaining allegations contained in Paragraph 31.

32.      Defendants admit the allegations contained in the first three sentences of Paragraph 32. Defendants admit that prosecution of application Serial Nos. 11/235,697 and 11,599,786 is ongoing, but deny that they have continued to prosecute application Serial No. 11/760,333.

33.     Defendants admit that, on November 11, 2008, Palomar issued a press release entitled "Palomar Medical Technologies and Reliant Technologies Announce Launch of a Fractional Technology Licensing Program" and further state that the press release speaks for itself.   Defendants deny the remaining allegations of Paragraph 33.

34.     Defendants admit the allegations contained in the first five sentences of Paragraph 34, except for the statement that application Serial No. 11,758,067 was filed on June 8, 2007. Defendants state that the application bearing that serial number was in fact filed on June 5, 2005

Defendants deny that the prosecution of the '127 patent has any relevance to the '923 patent or to this case, and deny the allegations contained in the last sentence of Paragraph 34.

35.   MGH admits that the many skin treatments developed by Dr. Anderson and other researchers at MGH are valuable technology. Defendants are without sufficient information to admit or deny the remaining allegations contained in Paragraph 35 and therefore deny the same.

36.   Defendants admit the allegations contained in Paragraph 36.

37.   Defendants admit the allegations contained in the first sentence of Paragraph 37. Defendants admit that applicants filed an information disclosure statement ("IDS") on June 6, 2002 that cited several patents on which Dr. Anderson was a named inventor, including patents relating to technologies that can be used for, among other things, hair removal and treatment of wrinkles. Defendants admit that the June 6, 2002 IDS cited, among other references, an article entitled "Extended Theory of Selective Photothermolysis," published in *Lasers in Surgery and Medicine* in 2001. Defendants state that the remaining allegations of the third sentence of Paragraph 37 merely state conclusions of law to which no response is required. Defendants admit that the June 6, 2002 IDS did not cite the '668 publication or the '083 application that subsequently issued as the '127 patent. Defendants deny that these references were relevant to the '923 patent, and deny all remaining allegations contained in Paragraph 37.

38.   Defendants admit the allegations contained in Paragraph 38.

39.   Defendants state that the prosecution history of the '923 patent speaks for itself. Defendants admit the allegations contained in the first three sentences of Paragraph 39. Defendants deny the remaining allegations contained in Paragraph 39.

RLF1 3525680v.1

40.     Paragraph 40 consists solely of conclusions of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 40.

## PRAYER FOR RELIEF

41.     Palomar and MGH deny that Alma is entitled to any relief under its Complaint

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses, Palomar and MGH allege as follows:

## FIRST AFFIRMATIVE DEFENSE

Count II of Alma's First Amended Complaint fails to state a claim upon which relief can be granted.

## COUNTERCLAIM

Palomar and MGH (collectively, "counterclaim-plaintiffs") for their counterclaim against Alma Lasers Ltd. and Alma Lasers, Inc. (collectively, "Alma") allege as follows:

## PARTIES

1.     Counterclaim-plaintiff Palomar Medical Technologies, Inc. ("Palomar") is a Delaware corporation with a principal place of business at 82 Cambridge Street, Burlington, Massachusetts.

2.     Counterclaim-plaintiff The General Hospital Corporation is a Massachusetts not-for-profit corporation doing business as the Massachusetts General Hospital ("MGH") with a principal place of business at 55 Fruit Street, Boston, Massachusetts 02114.

3.     Upon information and belief, counterclaim-defendant Alma Lasers Ltd. is a corporation organized and existing under the laws of the country of Israel and having its principal place of business at 14 Halamish, Caesarea Industrial Park, Caesarea, Israel 38900.

4.      Upon information and belief, counterclaim-defendant Alma Lasers, Inc. is a corporation organized and existing under the laws of the State of Delaware and having its principal place of business at 485 Half Day Road, Suite 100, Buffalo Grove, Illinois.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over counterclaim-plaintiffs' claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      Venue is proper in this District under 28 U.S.C. §§ 1400(b).  Alma has transacted business and committed acts of infringement in this District, and this action arises from the transaction of that business and infringement.

## FIRST CLAIM FOR RELIEF

### (Patent Infringement)

7.      Palomar is the exclusive licensee of  U.S. Patent No. 6,997,923 (the "'923 patent"), which is entitled "Method and Apparatus for EMR Treatment," and is owned by Palomar and MGH.   An uncertified copy of the '923 patent was attached as Exhibit A to Alma's complaint.  The '923 patent was duly and legally issued on February 14, 2006.

8.      Under 35 U.S.C. ¶ 271(a) and (b), Alma has and continues to infringe and induce infringement of the '923 patent, including without limitation, by making, using, selling and offering for sale products using light-based technology for skin treatment, including but not limited to the Alma Pixel $CO^2$  Omnifit Fractional $CO^2$ Handpiece, the Alma Pixel $CO^2$ Fractional $CO^2$ Skin Resurfacing System, and/or the Alma Harmony XL.   Upon information and belief, Alma's infringement has been and continues to be willful and deliberate.

- 9 -

9.      As a result of Alma's infringement, counterclaim-plaintiffs will suffer severe and irreparable harm, unless that infringement is enjoined by this Court, and have suffered substantial damages.

WHEREFORE, counterclaim-plaintiffs request that the Court:

a.      Adjudge that Palomar and MGH are the owners and Palomar is the exclusive licensee of the '923 patent with right to recovery thereunder, and that the '923 patent is good and valid in law and enforceable;

b.      Adjudge that Alma has and continues to infringe and induce infringement of the '923 patent, and that such infringement has been willful and deliberate;

c.      Preliminarily and permanently enjoin Alma, its officers, directors, employees, agents, licensees, successors, and assigns, and all persons in concert with them, from further infringement of the '923 patent;

d.      Award Palomar and MGH compensatory damages;

e.      Treble the damages assessed;

f.      Award Palomar and MGH their costs and reasonable attorneys' fees;

g.      Dismiss Alma's Complaint with prejudice; and

h.      Award Palomar and MGH such other relief as the Court deems just and proper.

OF COUNSEL:

Wayne L. Stoner
Vinita Ferrera
Kate Saxton
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts  02109
(617) 526-6000


Dated: January 11, 2010

/s/ Sarah R. Stafford
Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Sarah R. Stafford (#5234)
stafford@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE  19801
(302) 651-7700

*Attorneys for*
*Palomar Medical Technologies, Inc.*
*and The General Hospital Corporation*

RLF1 3525680v.1

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2010, I caused the foregoing document to be electronically filed with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following which have also been served as noted:

### VIA HAND DELIVERY & E-MAIL

Steven J. Balick
John G. Day
Lauren E. Maguire
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P.O Box 1150
Wilmington, Delaware 19899

### VIA E-MAIL

David T. Pritikin
Gerald L. Angst
Hugh A. Abrams
Constantine Koutsoubas
Sidley & Austin LLP
One South Dearborn Street
Chicago, IL 60603

/s/ Sarah R. Stafford
Sarah R. Stafford (#5234)
stafford@rlf.com

RLF1 3510739v.1